GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
JOSEPH N. AKROTIRIANAKIS (Cal. Bar No. 197971)
Assistant United States Attorney
1100 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-2467
Facsimile: (213) 894-6269
Email: joseph.akrotirianakis@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALFRED NASH VILLALOBOS,<br><br>Defendant. | No. CR 09-824-GHK<br><br>**STIPULATION RE: PROTECTIVE ORDER** |

WHEREAS, defendant Alfred Nash Villalobos ("defendant") has been indicted in the above-referenced case and has requested discovery therein;

WHEREAS, the government has disclosed to defendant, and intends to continue to disclose to defendant on an ongoing basis, discovery in the government's possession, custody, or control described in Rule 16(a)(1), as well as any Brady or Giglio material known to the government, and matters discoverable under the Jencks Act;

WHEREAS, the government has informed defendant that some of the information it intends to disclose to defendant contains

confidential and private information relating to third parties (i.e., individuals other than defendant), such as the (a) dates of birth, (b) Social Security numbers, (c) business and/or residential addresses, and (d) telephone numbers (collectively "Confidential Information") of witnesses and confidential witnesses, which the parties agree is deserving of the protections afforded by this Protective Order;

WHEREAS, to the extent the government elects to disclose witness statements and memoranda of interviews of witnesses (collectively "witness statements") in advance of the trial of this matter, it requires that such material be subject to the protections afforded by this Protective Order;

WHEREAS, in exchange for receiving witness statements in advance of trial, defendants agree to accept such materials subject to the protections afforded by this Protective Order;

NOW THEREFORE, it is hereby stipulated and agreed, by and between plaintiff United States of America and defendant Alfred Nash Villalobos, as follows:

1. For purposes of this Protective Order:

a. the term "Protected Information" shall mean any and all of the following that are disclosed to defendant by the government: (i) Confidential Information (as defined above); and (iv) witness statements (as defined above);

b. the term "Defense Team" shall mean the defendant; defense counsel, including Brian A. Sun and David C. Scheper, and employees of defense counsel's respective law firms (limited to those employees assisting in the defense of this criminal case); and all third-party vendors (including investigators, experts,

consultants, and reprographic service providers) retained by defense counsel to assist in the defense of this criminal case; and

c. the term "Defense Witness" shall mean any individual or entity that counsel-of-record for a defendant believes may have information relevant to the defense of this criminal case.

2. Defendant's Defense Team shall use Protected Information only for the defense of this criminal case and not for any other purpose.

3. Each defendant's Defense Team may disclose Protected Information only: (a) to a member of defendant's Defense Team; (b) to an agent of the government involved in the prosecution of this case; and (c) to a Defense Witness or counsel for a Defense Witness in accordance with paragraphs 5 or 6 below.

4. Defendant's counsel-of-record shall have the responsibility of assuring that, prior to reviewing any Protected Information, each member of that counsel's Defense Team has reviewed this Protective Order and has executed an acknowledgment, in the form attached hereto as Exhibit A, agreeing to be bound by its terms.

5. A member of a Defense Team may orally disclose and may show (but not provide) Protected Information to any Defense Witness or counsel for any Defense Witness for the purpose of gathering information that may be relevant to the defense of this criminal case.

6. A member of a Defense Team may provide physical copies of Protected Information to a Defense Witness or counsel for a

Defense Witness only if, prior to any such disclosure, the Defense Witness and any counsel for that Defense Witness each has executed an acknowledgment, in the form attached hereto as Exhibits B or C, respectively, agreeing that: (a) in the case of a Defense Witness, he or she will not disclose (either orally or in writing) any Protected Information except to his or her counsel or to the Defense Team from which he or she obtained the Protected Information; and (b) in the case of counsel for a Defense Witness, he or she will not disclose (either orally or in writing) any Protected Information except to the Defense Witness that is the counsel's client or to the Defense Team from which he or she obtained the Protected Information.

7. Any Protected Information filed with the Court shall be filed under seal under the authority of this Order and in accordance with the provisions of Local Rule 79-5.

8. At the conclusion of this criminal case (including the final determination of any appeal), the Defense Team shall return to the government all Protected Information received pursuant to this Protective Order and all copies of such material that have been disclosed to any Defense Witness or counsel for any Defense Witness, or shall destroy all such Protected Information and certify to the government that such Protected Information has been destroyed.

9. Defendant's counsel-of-record shall retain all of the executed acknowledgments referenced in paragraphs 4 and 6 above for which the Defense Team is responsible. In the event of any dispute or investigation concerning a party's compliance with this Protective Order, the Court may order that any or all

executed acknowledgments be lodged with the Court in camera and may, after hearing from the government and counsel for defendant, order the disclosure of any or all such acknowledgments as necessary to resolve such dispute or further such investigation.

10. Nothing in this Protective Order requires the government to disclose any Protected Information or any other information to defendant.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

11. Any Protective Order issued based upon this stipulation may be modified, amended, or vacated only upon further order of the Court.

IT IS SO STIPULATED.

Dated: October 20, 2009

Respectfully submitted,

GEORGE S. CARDONA
Acting United States Attorney

JOSEPH N. AKROTIRIANAKIS
Assistant United States Attorney
Major Frauds Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: October 20, 2009

SCHEPER, KIM & OVERLAND

David C Scheper by

DAVID C. SCHEPER

Dated: October 20, 2009

JONES DAY

Brian A Sun by

BRIAN A. SUN

Attorneys for Defendant
ALFRED NASH VILLALOBOS

Dated: October 20, 2009

ALFRED NASH VILLALOBOS
Defendant

**EXHIBIT A**

ACKNOWLEDGMENT BY MEMBER OF DEFENSE TEAM

I, ________________________________, hereby acknowledge as follows:

1. I have read and reviewed the Stipulation and Protective Order entered in the criminal case United States v. Alfred Nash Villalobos, No. CR 09-824-GHK (the Protective Order);

2. I am a member of the Defense Team of defendant Alfred Nash Villalobos (as that term is defined in the Protective Order); and

3. I agree to be bound by all of the terms of the Protective Order, and will not disclose any Protected Information (as that term is defined in the Protective Order) except in accordance with the Protective Order.

Dated: _____________

___________________________
[signature]

**EXHIBIT B**

ACKNOWLEDGMENT BY DEFENSE WITNESS

I, ________________________________, hereby acknowledge as follows:

1. I have read and reviewed the Stipulation and Protective Order entered in the criminal case United States v. Alfred Nash Villalobos, No. CR 09-824-GHK (the Protective Order);

2. I agree to be bound by all of the terms of the Protective Order.

3. I agree that I will not disclose (either orally or in writing) any Protected Information (as defined in the Protective Order) except to my counsel or to the Defense Team from which my counsel or I obtained such Protected Information.

Dated: ______________

__________________________
[signature]

**EXHIBIT C**

ACKNOWLEDGMENT BY COUNSEL FOR DEFENSE WITNESS

I, ______________________________________, hereby acknowledge as follows:

1. I have read and reviewed the Stipulation and Protective Order entered in the criminal case United States v. Alfred Nash Villalobos, No. CR 09-824-GHK (the Protective Order);

2. I am counsel for __________________________ (hereinafter "the Witness"), whom I understand is a Defense Witness (as defined in the Protective Order) in this case.

3. I agree to be bound by all of the terms of the Protective Order.

4. I agree that I will not disclose (either orally or in writing) any Protected Information (as defined in the Protective Order) except to the Witness or to the Defense Team from which the Witness or I obtained such Protected Information.

Dated: ________________

________________________________
[signature]