GEORGE S. CARDONA
Acting United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
JOSEPH N. AKROTIRIANAKIS (Cal. Bar No. 197971)
Assistant United States Attorney
     1100 United States Courthouse          E-FILED: **10/30/09**
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2467
     Facsimile: (213) 894-6269
     Email: Joseph.Akrotirianakis@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) No. CR 09-824-GHK |
|---|---|
| Plaintiff, | ) <u>ORDER ON STIPULATION REGARDING (1) BRIEFING SCHEDULE; AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT</u> |
| v. | |
| ALFRED NASH VILLALOBOS, | |
| Defendant. | |

GOOD CAUSE THEREFOR HAVING BEEN SHOWN, based upon the stipulation of the parties filed on or about October 26, 2009, the Court hereby finds and concludes as follows:

1. Defendant first appeared before a judicial officer of this court on August 5, 2009. The Indictment in this case was filed on August 21, 2009. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before October 30, 2009.

2. Defendant is released on bond pending trial. The parties estimate that the trial in this matter will last approximately seven to eight court days.

3. On August 31, 2009, the court set a trial date of September 29, 2009, and a status conference date of September 21, 2009.

4. At the request of the parties, the trial date was vacated and a status conference was held on October 5, 2009. At the October 5, 2009 status conference, defense counsel indicated that this matter would proceed to trial. Defense counsel also indicated that defendant was likely to raise by motion both discovery issues and substantive challenges to the indictment. The Court ordered the parties to (a) meet and confer remaining any issues to be presented by motion; (b) present an integrated brief detailing the parties' position as to any discovery motion or substantive challenge to the indictment; (c) agree upon a briefing and hearing schedule to be submitted to the Court; and (d) cooperate in the preparation of a stipulation containing facts sufficient to support an excludable time order related to the delay occasioned by defendant's contemplated motions.

5. On September 22, 2009, defense counsel transmitted an eight-page letter to government counsel. In the letter, defense counsel requested that the government produce to defendant a number of items. On or about October 7, 2009, counsel for the parties conferred concerning the issues raised in defendant's September 22, 2009 discovery letter.

6. On October 13, 2009, defense counsel send government counsel an email with additional clarifications concerning certain discovery items requested by defendant. On October 14, 2009, counsel for the parties participated in an extensive telephone conference concerning these items.

1     7.  By stipulation, the parties have jointly requested that
2 the Court order the following briefing schedule, which is hereby
3 made the order of this Court, with all motions to be filed in the
4 "joint stipulation" format of a single, integrated documents
5 setting forth the parties' respective positions:
6         a.  October 20, 2009 -- Last day for defendant to
7 transmit to the government defendant's portion of the joint
8 stipulation regarding any remaining discovery issues.
9         b.  October 29, 2009 -- Last day for the government to
10 transmit to defendant the government's portion of the joint
11 stipulation regarding any remaining discovery issues.
12         c.  November 4, 2009 -- Last day for defendant to file
13 the joint stipulation together with any response to the
14 government's portion of the joint stipulation regarding any
15 remaining discovery issues.
16         d.  **December 7, 2009 at 3:30 p.m.** -- Hearing on
17 defendant's motion to compel discovery, if any discovery issues
18 remain.
19         e.  December 7, 2009 -- Last day for defendant to
20 transmit to the government defendant's portion of the joint
21 stipulation regarding any motion concerning the indictment (not
22 including a motion for bill of particulars).
23         f.  January 11, 2010 -- Last day for the government to
24 transmit to defendant the government's portion of the joint
25 stipulation regarding any motion concerning the indictment (not
26 including a motion for bill of particulars).
27         g.  January 25, 2010 -- Last day for defendant to file
28 the joint stipulation together with any response to the

1 government's portion of the joint stipulation regarding any
2 motion concerning the indictment (not including a motion for bill
3 of particulars).
4        h.   **February 22, 2010 at 3:30 p.m.** -- Hearing on
5 defendant's motion(s) concerning the indictment (not including a
6 motion for bill of particulars), if defendant files any such
7 motion(s).       8.   Defendant is charged with violations of 18
8 U.S.C. § 1503(a), Endeavoring to Obstruct Justice, and 18 U.S.C.
9 § 1951(a), Interfering with Commerce by Extortion.  The
10 government has produced discovery to the defense, including
11 approximately 1,100 pages of documents, as well as nine digital
12 storage discs containing various undercover recordings of
13 defendant.  Defense counsel have yet to complete their review and
14 analysis of the entirety of this evidence but has requested
15 several additional categories of documents.
16     9.   Defendant has requested that the government produce
17 several categories of publicly available documents or documents
18 within the possession of third parties.  Defendant has also
19 requested that the government produce several categories of
20 documents that are not publicly available or within the
21 possession of third parties.  The government has agreed to
22 produce at least some of these documents, the volume of which the
23 government anticipates will be several hundred pages.
24     10.  Government counsel is lead counsel in the following
25 matters: (i) <u>United States v. Robert Tringham</u>, No. CR 09-490-SJO,
26 an investment trial presently scheduled for November 17, 2009,
27 and anticipated to last two weeks; and (ii) <u>In re the Extradition</u>
28 <u>of Jose Luis Muñoz Santos</u>, No. CV 06-5092-MMM(AJW), a Mexican

4

extradition request set for hearing December 15, 2009, and anticipated to last two days.

11.  At the time of defendant's August 4, 2009 arrest, the government seized defendant's BlackBerry pursuant to a federal search warrant.  The government does not anticipate completion of the search of the BlackBerry or the production of any relevant evidence seized from it for several weeks or months.

12.   Counsel for the parties anticipate that this matter will go to trial.  Counsel anticipate requesting a trial date of March 16, 2010.

13.  Counsel have meet and conferred and would like to propose agreed-upon transcripts of recordings for use at trial.  The first draft transcripts have been completed and are being reviewed by government counsel, who will tender them to the defense upon completion of that review.

14.  Defense counsel cannot be prepared to try this case prior to March 16, 2009, given the volume of work remaining to be done to prepare the matter for trial, including the filing of discovery and substantive motions, factual investigation relating to the witnesses against defendant, and forensic analysis of defendant's BlackBerry.

15.  Defendant believes that scheduling a trial date prior to March 16, 2010, would deny defendant continuity of counsel and adequate representation because it would force him to proceed to trial either retained counsel other than retained counsel of his choice or with counsel of his choice inadequately prepared.

16.  The government does not object to a trial date on March 16, 2010.

17. The contemplated requested trial date of March 16, 2010, is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the counsel for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

18. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of October 5, 2009, to March 16, 2010, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(8)(A), (h)(8)(B)(i) and (B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

19. For the reasons described in the parties' earlier stipulation, filed on or about September 16, 2009, the parties agree that the time period of September 29, 2009, to February 16, 2010, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(8)(A), (h)(8)(B)(i) and (B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the

1 | Court's finding that: (i) the ends of justice served by the
2 | continuance outweigh the best interest of the public and
3 | defendant in a speedy trial; (ii) failure to grant the
4 | continuance would be likely to make a continuation of the
5 | proceeding impossible, or result in a miscarriage of justice; and
6 | (iii) failure to grant the continuance would unreasonably deny
7 | defendant continuity of counsel and would deny defense counsel
8 | the reasonable time necessary for effective preparation, taking
9 | into account the exercise of due diligence.
10 |     20.  Nothing in this stipulation shall preclude a finding
11 | that other provisions of the Speedy Trial Act dictate that
12 | additional time periods be excluded from the period within which
13 | trial must commence.  Moreover, the same provisions and/or other
14 | provisions of the Speedy Trial Act may in the future authorize
15 | the exclusion of additional time periods from the period within
16 | which trial must commence.
17 |     IT IS SO ORDERED.
18 |
19 | DATED: October 30, 2009
20 |
21 | _____
22 | THE HONORABLE GEORGE H. KING
   | UNITED STATES DISTRICT JUDGE
23 |
24 | Respectfully submitted by:
   | JOSEPH N. AKROTIRIANAKIS
25 | Assistant United States Attorney
26 |
27 |
28 |