```
ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
JOSEPH N. AKROTIRIANAKIS (Cal. Bar No. 197971)
MARK R. YOHALEM (Cal. Bar No. 243596)
Assistant United States Attorneys
  1300 United States Courthouse
  312 North Spring Street
  Los Angeles, California 90012
  Telephone: (213) 894-2467
  Facsimile: (213) 894-6269
  Email:   joseph.akrotirianakis@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) No. CR 09-824-GHK |
|---|---|
| Plaintiff, | ) <u>GOVERNMENT'S NOTICE OF AUTHORITY RE: BOND PENDING SENTENCING</u> |
| v. | ) |
| ALFRED NASH VILLALOBOS, | ) Trial Date: August 23, 2011 |
| Defendant. | ) |

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Joseph N. Akrotirianakis and Mark R. Yohalem, hereby files this Notice of Authority re: Bond Pending Sentencing.

Defendant was convicted of, inter alia, extortion in violation of 18 U.S.C. § 1951(a). The government submits that this is a "crime of violence" such that the presumption in 18 U.S.C. §§ 3142(f)(1)(A), 3143(a)(2) is triggered, requiring to defendant to establish not simply that he is neither a flight

risk nor a danger to the community but also that "there is a substantial likelihood that a motion for acquittal or new trial will be granted.

It is beyond dispute that extortion in violation of § 1951(a) is a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(ii) (the Armed Career Criminal Act or "ACCA"), and a "crime of violence" under USSG § 2L1.2, comment. (n.1(B)(iii)), both of which include extortion as one of the enumerated exemplary offenses.  See United States v. Anderson, 989 F.2d 310, 312-13 (9th Cir. 1993) (adopting the Hobbs Act definition as the generic federal offense of extortion in analyzing whether extortion is a crime of violence under ACCA); United States v. Becerril-Lopez, 541 F.3d 881, 892 (9th Cir. 2008) (same for § 2L1.2).

The only question, therefore, is whether a crime that is indisputably a crime of violence for ACCA and § 2L1.2 can not be a crime of violence under the Bail Reform Act ("BRA").  The government submits that just as Hobbs Act extortion is categorically a crime of violence under ACCA and § 2L1.2, so too is it a crime of violence under the BRA.  The government is aware of only one court case addressing this issue, United States v. Ciccone, 312 F.3d 535 (2d Cir. 2002).  Ciccone unequivocally supports the government's position: "Certainly, it cannot be gainsaid that extortion is a 'crime of violence' as that term is defined by the BRA."  Id. at 542.[1]

---

[1] Following the hearing, defense counsel cited Anderson, supra, and United States v. Sherbondy, 865 F.2d 996 (9th Cir.

Following the hearing, defense counsel explained (in summary) defendant's view that extortion is not a crime of violence under the BRA because the BRA -- unlike ACCA and § 2L1.2 -- does not have a list of qualify offenses but instead defines a crime of violence as "an offense that has an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another" or "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 3156(a)(4). In defendant's view, extortion does not fall within either of these categories.[2]

Defendant's argument is wrong. In interpreting ACCA, the Ninth Circuit has held that generic extortion -- <u>i.e.</u>, Hobbs Act Extortion, <u>Anderson</u>, 989 F.2d at 312-13, "involve[s] a substantial risk of injury to persons," <u>Sherbondy</u>, 865 F.2d at 1010; <u>see also</u> <u>James v. United States</u>, 550 U.S. 192, 199 (2007) (extortion and other enumerated offenses in ACCA "create significant risks of bodily injury or confrontation that might

---

1988), in support of defendant's view that extortion is not a crime of violence under the BRA. Both of those cases involve ACCA, not the BRA, and since Hobbs Act extortion -- unlike the crimes in those cases -- is categorically a crime of violence under ACCA, those cases do defendant no benefit. As noted below, <u>Sherbondy</u> actually demonstrates why this is a presumption case.

[2] To the extent defendant has more arguments, or a more extensive version of this argument, the government is in no way trying to limit defendant to the version set forth here. Nor is the government trying to create a strawman. This is intended only as a summary exposition of the government's understanding of defense counsel's quick take on the issue.

-3-

result in bodily injury"). The Court then held that "or otherwise involves conduct that presents a serious potential risk of physical injury to another" means "offenses . . . that pose a similar risk" to "burglary, arson, extortion, and use of explosives." <u>Sherbondy</u>, 865 F.2d at 1010. While <u>Sherbondy</u> is interpreting ACCA's language, its holding that extortion necessarily involves a substantial risk of injury to persons means that extortion also satisfies the BRA's requirement. Likewise, <u>Sherbondy</u> interprets the residual ACCA language -- which is <u>narrower</u> than BRA's test, since it involves only threat of physical injury to persons, not threat of physical force to persons <u>or</u> <u>property</u> -- to be satisfied by any crime that poses the same level of threat as generic extortion. Generic extortion itself would therefore satisfy ACCA's residual language, and thus also the BRA requirement.

Accordingly, the government submits -- consistent with <u>Ciccone</u> -- that extortion is a crime of violence for purposes of the BRA. Defendant thus must prove both a "substantial likelihood of prevailing" on his new trial motion <u>and</u> that he is neither a flight risk nor a danger to the community. The government notes, with respect to the latter half of the showing, that -- even on top of the offenses of conviction -- defendant has committed at least two serious crimes of which the government is aware: as a young man, he shot and seriously injured a motorist in a road-rage incident; and in recent years, he extorted his own father. Extortion is a crime that, by its nature, is difficult to discover because it preys on the victim's

-4-

fear. The government notes that beyond defendant's known offenses, there is ample reason to suspect the defendant of further criminal activity based on (1) the confidence with which he directed Benjamin Gluck to engage in counter-detection tactics such as using a false identity and a commercial fax machine outside of his line of travel from home to work; and (2) defendant's statement that he had previously been paid off in all-cash payments, including a $80,000 bag of cash.[3] On top of that, defendant has proven to be an economic danger to the community, having defrauded numerous lenders and creditors by lying about his income (inflating it to obtain loans while claiming it to be non-existent to avoid paying loans).

The government reserves its right to supplement or change these arguments in any opposition to defendant's filing on this issue.

DATED: February 17, 2012     Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

*Joseph N. Akrotirianakis*
JOSEPH N. AKROTIRIANAKIS
MARK R. YOHALEM
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

---

[3] There are, perhaps, non-extortionate reasons why someone might pay defendant that much money in cash, but it is hard to find any legal ones.